UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CAREL PRATER,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-1873 (RMC) |
| **UNITED STATES DEPARTMENT OF JUSTICE,** | ) ) ) ) | |
| Defendant. | ) ) ) | |

## OPINION

This action is brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by a federal prisoner. On June 15, 2011, plaintiff Carel Prater requested from the Executive Office for United States Attorneys ("EOUSA") certain court documents filed in his criminal case in the United States District Court for the Middle District of Florida. Compl. [Dkt. 1], Ex. A. Because Mr. Prater received no response to his request, *see* Compl. at 6, he initiated this civil action, which was formally filed on October 25, 2011, after the granting of Mr. Prater's *in forma pauperis* application.

On November 30, 2011, EOUSA, in response to this lawsuit, released 50 unredacted pages of responsive records to Mr. Prater. Decl. of David Luczynski [Dkt. 9-4] ¶¶ 4, 7 & Ex. C. The Department of Justice ("DOJ"), of which EOUSA is a component, now moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Mr. Prater opposes the motion and seeks to recover his litigation costs. Since Mr. Prater (1) has not proffered evidence to contradict DOJ's evidence that no agency records were improperly

1

withheld, and (2) has not shown that the released records benefit the public's interest, the Court will grant DOJ's motion for summary judgment and deny Mr. Prater's request for costs.

## II. LEGAL STANDARDS

Summary judgment is appropriate "if the movant shows [through facts supported in the record] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This procedural device is not a "disfavored legal shortcut" but a reasoned and careful way to resolve cases fairly and expeditiously. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). In determining whether a genuine issue of material fact exists, the Court must view all facts and reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

The FOIA confers jurisdiction on the district court to enjoin an agency from improperly withholding records maintained or controlled by the agency. *See* 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)); *Lazaridis v. Dep't of Justice*, 713 F. Supp. 2d 64, 66 (D.D.C. 2010). Summary judgment is the frequent vehicle for resolution of a FOIA action because the pleadings and declarations in such cases often provide undisputed facts on which the moving parties are entitled to judgment as a matter of law. *McLaughlin v. Dep't of Justice*, 530 F. Supp. 2d 210, 212 (D.D.C. 2008) (citations omitted). Agencies may rely on affidavits or declarations of government officials, as long as they are sufficiently clear and detailed and submitted in good faith. *Id*. (citing *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). The Court may award summary judgment solely on the basis of information

provided in such affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

### III. ANALYSIS

Mr. Prater's complaint and opposition to DOJ's summary judgment motion are hard to follow because they are cluttered with arguments about his direct appeal that have no bearing on the merits of the FOIA claim. *See Swan v. S.E.C.*, 96 F.3d 498, 499-500 (D.C. Cir. 1996) (the requester's identity and the reasons for the request are immaterial save certain situations not applicable here); *North v. Walsh*, 881 F.2d 1088, 1096-1097 (D.C. Cir. 1989) ("The plaintiff's rights in a FOIA action do not depend on his or her identity; [t]he Act's sole concern is with what must be made public or not made public.") (citation and internal quotation marks omitted) (alteration in original); *accord Lazaridis*, 713 F. Supp. 2d at 66 (confining discussion "to the FOIA issues at hand") (footnote omitted).  The record does present two relevant issues.

First, while seeming to agree that EOUSA released the requested records, Mr. Prater attaches to his opposition his "FOIA Appeal" dated January 8, 2012, in which he claims that the release did not include "Docket Entry # 138."  According to EOUSA's declarant, the attendant document was included in the release.  Luczynski Decl. ¶ 7.  Since DOJ has neither replied to Mr. Prater's opposition nor included the released documents in the record, the Court will direct DOJ to provide another copy of that document to Mr. Prater.

Second, Mr. Prater seeks to recover his litigation costs.  The FOIA provides that a court "may assess against the United States reasonable attorney fees and other litigation costs

reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). *Pro se* parties are not entitled to attorney's fees but may recover their litigation costs. *Benavides v. Bureau of Prisons*, 993 F.2d 257, 259-60 (D.C. Cir. 1993). Even when a plaintiff substantially prevails and, thus, is eligible to receive an award, the Court must also find that he is entitled to an award. *See Citizens for Resp. & Ethics in Wash. v. Dep't of Justice*, 820 F. Supp. 2d 39, 43 (D.D.C. 2011). In considering Mr. Prater's entitlement to such an award, the Court must determine, among other factors, whether the released records are "likely to add to the fund of information that citizens may use in making vital political choices." *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) (citation and internal quotation marks omitted). Mr. Prater has made no such argument and an award of costs "is usually inappropriate" when, as here, agency records are sought for personal reasons. *Id*. Therefore, the Court will deny Mr. Prater's request for costs.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that DOJ has satisfied its disclosure obligations under the FOIA and is entitled to judgment after it re-releases the document attached to "Docket Entry # 138" in Mr. Prater's criminal case. The Court further finds that Mr. Prater has not shown his entitlement to an award of costs and, therefore, will deny his request for costs. A memorializing Order accompanies this Opinion.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: September 27, 2012